HENRY HANKS, PLAINTIFF APPELLEE, v. HELEN WORK-
MASTER, DEFENDANT APPELLANT.

Argued February 20, 1907—Decided June 10, 1907.

In the case of a tenancy from month to month, the requirement of a
notice to terminate the tenancy is mutual. Neither the landlord
nor the tenant can terminate such a tenancy except upon proper
notice.

On appeal from the Second District Court of Jersey City.

Before Justices FORT, HENDRICKSON and PITNEY.

For the appellant, *J. Merritt Lane.*

For the appellee, *William B. Gillmore.*

The opinion of the court was delivered by

FORT, J. This is a suit for one month's rent, for the month
of July, 1905, for the premises No. 15 Henry street, Jersey
City. The District Court found in favor of the plaintiff, and
gave judgment accordingly. The facts, as returned certified
by the judge, are as follows:

"The action was to recover the sum of $27.50. For one
month's rent, July, 1906, of premises No. 15 Henry street,
Jersey City, $27, and one light of glass in same premises,
fifty cents. The plaintiff testified that he was the owner of
the premises, and through his agent, Percy Gaddis, in April,
1906, the house was rented to defendant, and after May 1st
he told defendant he would thereafter act as his own agent,
and that he collected the rent for June, 1906, and defendant
then said nothing about moving. About the middle of June
he received word that defendant would move, and he sent
word if she moved he would hold her for the rent. The de-
fendant did move about July 1st, 1906, and plaintiff, on
going to the premises, found same vacant. Plaintiff testified

defendant gave him no notice she was going to leave, nor did she give him the keys. The keys were left at Gaddis' (the agent) office. Plaintiff testified that Gaddis was authorized to rent, and did rent, for one year to defendant. A bill 'to let' was put up, and the premises rented to a new party in August, 1906. On the part of the defendant the evidence was she rented for one month, and remained from one month to another month, paying May and June, 1906, rent. See *Exhibits D* 1 and *D* 2. She decided to move about June 17th, 1906, and sent her son to tell plaintiff defendant would move, and did move June 22d, 1906. The keys were sent June 20th, 1906, to the agent, Gaddis, by defendant's daughter, who said, 'All right,' and a bill 'to let' was then put upon the house.

"I ruled that on defendant's own testimony she was a monthly tenant, and the landlord entitled to a full month's notice of her intention to move, and not having received this, defendant was entitled to recover the rent for July, 1906, and gave judgment therefor, viz., the sum of $27, and which was entered accordingly against defendant and in favor of plaintiff."

Under this state of the case, we think the defendant was a tenant from month to month, and that the trial court, accepting her evidence as true, rightly so found; that being a tenant by the month, the requirement of notice for the purpose of terminating the tenancy was mutual, and that neither the landlord nor the tenant could terminate the tenancy except upon notice. Such notice must be one corresponding with the beginning and ending of the tenancy.

It is conceded in this case that notice of the intent to vacate was not given until the 17th of June, and that it was the purpose of the tenant to vacate July 1st.

This was not the legal notice, and the plaintiff was entitled to recover the rent, and there was no error in the judgment. *Steffens* v. *Earle*, 11 *Vroom* 128, 134; *Tayl. Land. & T.*, § 474; *Arch. Land. & T.*, § 87.

The judgment of the District Court is affirmed.